596 September 24, 2025 No. 835

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. I. G. J.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. J.,
*Appellant.*

Jackson County Circuit Court
23JU04929; A187243 (Control)

In the Matter of H. E. T. J.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. J.,
*Appellant.*

Jackson County Circuit Court
23JU04927; A187244

Charles G. Kochlacs, Judge.

Submitted August 28, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Jacquot, Judge, and O'Connor, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Father appeals from judgments in which the juvenile court changed the permanency plans for his children, H and D, from reunification to adoption. In his first and second assignments of error, father argues that the juvenile court erred by failing to find as to each child that there was a compelling reason to forgo adoption. In his third and fourth assignments of error, he argues that the juvenile court erred by changing the permanency plan as to each child to adoption. We affirm.

In general, when we review a juvenile court's legal conclusions concerning a change of permanency plan, we review for errors of law, viewing the evidence in the light most favorable to the court's disposition. *Dept. of Human Services v. S. J. M.*, 364 Or 37, 40, 430 P3d 1021 (2018). If the juvenile court opts to change the permanency plan to adoption, it must consider whether an exception "exists that would support forgoing or delaying filing a petition to terminate parental rights." *Dept. of Human Services v. A. D. J.*, 300 Or App 427, 434, 453 P3d 619 (2019) (citing ORS 419B.476(5)(d); ORS 419B.498(1) - (2)). There may be an exception when there "is a compelling reason, which is documented in the case plan, for determining that filing such a petition would not be in the best interests of the child or ward." ORS 419B.498(2)(b).

Father argues that the legal relationship between H and D should not be severed, and that, therefore, the permanency plan should be guardianship. He argues that the resource parents for each child were willing to be guardians rather than adopting and there was, therefore, a compelling reason not to move forward with a petition for termination of his parental rights. Because father argues for the existence of a compelling reason, he bears the burden of showing that the evidence in the juvenile court record was such that the court had no choice but to find that a compelling reason existed.

Father did not present affirmative evidence establishing that a guardianship was better suited to meet the children's needs, and on appeal he does not explain why the evidence that was presented compelled that conclusion as

a matter of law. To the contrary H and D had a history of physical fighting while they were locked in their bedroom without supervision in father's house and they continued that behavior when they were first placed with a resource family. D was subsequently placed with a different resource family. The juvenile court found, and there was evidence to support its findings, that "[t]he kids are not attached to each other," and the court found credible the resource parents' testimony that they were committed to continuing H and D's family relationships.

Viewing the evidence in the light most favorable to the juvenile court's disposition, we conclude that the evidence at the hearing was sufficient for the court to find that the permanency plan should be changed to adoption. Further, the evidence in the record did not compel the juvenile court to find, as a matter of law, a compelling reason not to file, or to delay filing, a petition for termination of father's parental rights. We therefore affirm.

Affirmed.